UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2018 NOV 19 P 1: 17

WILLIAM V. BEVANS
CLERK

| NATHANIEL ROGERS, PLAINTIFF | CIVIL ACTION |
| --- | --- |
| VERSUS | CASE NO: 18-11164 |
| JEFFERSON PARISH SHERIFF'S OFFICE, AND JUSTIN BRISTER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AND JOSEPH GASQUET, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AND MARCUS BERGERON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AND JOHN WEIBELT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AND JOSEPH LOPINTO, III, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AND UNKNOWN DEPUTIES, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, DEFENDANTS | SECTION: SECT. R MAG 1  JUDGE: _____  MAGISTRATE JUDGE: _____  JURY DEMAND |

**COMPLAINT**

The Complaint of Nathaniel Rogers with respect represents:

**Parties**

1.

Plaintiff is Nathaniel Rogers, a person of the age of majority and a resident of the Parish of Jefferson.

2.

Defendants are:

a. Joseph Lopinto, III, a person of the full age of majority and a resident of the Eastern District of Louisiana. He is and was at all relevant times the Criminal Sheriff of Jefferson Parish. He is and was at all relevant times responsible for the hiring, training, supervision, disciple, and control of the deputies under his command as well as the supervision,

1

✓ Fee 400
___ Process _____
X Dktd _____
___ CtRmDep _____
___ Doc. No. _____

     administration, policies, practices, customs and operations of the Jefferson Parish Sheriff's Office. He is responsible, through its officers, employees, servants and agents, for enforcing the regulations and standards of conduct for the Jefferson Parish Sheriff's Office and for ensuring that its officers, employees, servants and agents obey the laws of the State of Louisiana and the United States. He is a final policymaker. He is being sued herein in his individual and official capacities. He is liable directly and vicariously for the actions complained of herein;

b. Jefferson Parish Sheriff's Office, made defendant herein, is a political subdivision of the State of Louisiana and a municipal corporation, which set at all relevant times the employer of the all named co-defendants. Defendant, Jefferson Parish Sheriff's Office, is directly liable for the acts complained of herein due to its policies and practices and its grossly negligent hiring, training and supervision of the defendant police officers. Defendant, Jefferson Parish Sheriff's Office, is also vicariously liable for the acts complained of herein.

c. Defendants, Justin Brister, Joseph Gasquet, Marcus Bergeron, John Wiebelt, and unknown deputies are persons of the full age of majority and residents of the Eastern District of Louisiana. They were officers with the Jefferson Parish Sheriff's Office at the time of the incident complained of herein and acting in the course and scope of their employment and under color of law. They are sued individually and in their official capacity.

## Jurisdiction

3.

Plaintiff brings this action for declaratory relief and for monetary damages against defendants for violation of the Civil Rights Act of 1866, 42 U.S.C. §1983. Jurisdiction is based on 28 U.S.C. §1331, 1343(3), and 2201; 42 U.S.C. §1983 and 1988; the Fourth Amendment to the United States

2

Constitution; and Louisiana Civil Code Article 2315. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear claims arising under state law.

## Venue

4.

Venue lies in this Court under 28 U.S.C. §1391(b)(2), as the events giving rise to this claim occurred within this judicial district.

## Statement of Facts

5.

Plaintiff Nathaniel Rogers ("Rogers") resides at resides in Marrero, Louisiana in the Parish of Jefferson.

6.

On November 25, 2017, at approximately 4:00 p.m., plaintiff was stopped by defendants who claim to be executing an arrest warrant.

7.

About five or six Jefferson Parish Sheriff's Office ("JPSO") officers, including defendants Justin Brister ("Brister"), Joseph Gasquet ("Gasquet"), and Marcus Bergeron ("Bergeron") approached plaintiff who remained within his vehicle during the traffic stop. Brister, Gasquet, and Bergeron then pulled plaintiff from his vehicle and restrained him on the ground with plaintiff's arms secured behind his back and plaintiff face down on the ground.

8.

At this point, John Weibelt ("Weibelt") descended on plaintiff along with Brister, Gasquet, and Bergeron to commence a substantial and sustained battery upon plaintiff, who was handcuffed with his arms behind his back and face down on the ground.

9.

3

Plaintiff lost consciousness early in the encounter due to severe blows to his head. (Exhibit A). The blood released from plaintiff's head wound was severe enough to form a pool of blood on the ground, soak plaintiff's clothing, and even splatter onto plaintiff's nearby parked vehicle. (Exhibit B & C).

10.

Plaintiff offered no resistance to officers as they approached, detained, and ultimately arrested plaintiff.

11.

Plaintiff had offered no resistance to the officers, and was wrongfully arrested for resisting an officer, possession of marijuana, battery on a police officer, felon carrying an illegal weapon, possessing a firearm with an obliterated serial number, illegal possession of stolen firearms, aggravated flight from a police officer.

12.

Plaintiff spent two days in Jefferson Parish Prison as a result of the wrongful arrest.

13.

As a result of his beating at the hands of Officers Brister, Bergeron, Gasquet, and Liebelt, West Jefferson Medical Services was called for emergency medical technicians to treat plaintiff injuries sustained to his head and face and body, which required emergency medical treatment at University Medical Center by Drs. Jenniver Avegno and Pierre Detiege. (Exhibits D & E).

14.

Plaintiff has suffered and continues to suffer damages from the aforementioned acts, including pain and headaches, nerve damage to one arm, and injuries to his abdomen requiring recent medical intervention, lost wages, and mental pain and anguish.

## First Cause of Action
## Fourth Amendment claims under 42 U.S.C. §1983
## against Brister, Bergeron, Gasquet, and Weibelt

15.

Plaintiff reiterates herein the allegations of Paragraphs 1 through 14.

16.

Defendant Officers Brister, Bergeron, Gasquet, and Weibelt, while acting under color of state law, deprived plaintiff of rights secured to him under the Fourth Amendment to the United States Constitution by using excessive force on him while arresting him.

14.

Defendant Officers Brister, Bergeron, Gasquet, and Weibelt, while acting under color of state law, deprived plaintiff of rights secured to him under the Fourth Amendment to the United States Constitution by arresting him resisting an officer, possession of marijuana, battery on a police officer, felon carrying an illegal weapon, possessing a firearm with an obliterated serial number, illegal possession of stolen firearms, aggravated flight from a police officer. The arrest was without probable cause.

15.

Plaintiff has suffered and continues to suffer damages as a result of the aforementioned violations of his rights under the Fourth Amendment to the United States Constitution.

16.

Defendant Officers Brister, Bergeron, Gasquet, and Weibelt deliberately violated plaintiff's rights in knowing violation or reckless disregard of the same under the Fourth Amendment to the United States Constitution and are therefore liable for punitive damages.

**17.**

Defendant Officers Brister, Bergeron, Gasquet, and Weibelt are liable to plaintiff for reasonable attorney's fees and costs under 42 U.S.C. §1988.

**Second Cause of Action**
**Fourth Amendment claim under 42 U.S.C. §1983**
**against the JPSO and Lopinto**

**18.**

Plaintiff reiterates herein the allegations of Paragraphs 1 through 14.

**19.**

JPSO and Lopinto, while acting under color of state law, deprived plaintiff of rights secured to him under the Fourth Amendment to the United States Constitution by negligently hiring and retaining defendant Officers Brister, Bergeron, Gasquet, and Weibelt; by failing to properly train and supervise them in the proper use of force and proper arrest procedures; by failing to maintain an adequate procedure for investigating, disciplining and/or terminating employees, including Defendant Officers Brister, Bergeron, Gasquet, and Weibelt; by failing to implement proper policies and procedures in the Jefferson Parish, including policies and procedures governing the hiring, training, retention and supervision of police officers. Alternatively, JPSO and Lopinto has allowed by custom or practice for policies and procedures regarding these issues to be disregarded, which actions have resulted in the deprivations of plaintiff's constitutional rights, as outlined above. Additionally, JPSO and Lopinto have created a permissive environment for police brutality in failing to supervise, investigate, or terminate defendant Officers Brister, Bergeron, Gasquet, and Weibelt who have may have been involved in other lawsuits or investigations for unnecessary force.

**20.**

Plaintiff has suffered and continues to suffer damages as a result of the aforementioned

violation of his rights under the Fourth Amendment to the United States Constitution.

**21.**

JPSO and Lopinto are liable to plaintiff for reasonable attorney's fees and costs under 42 U.S.C. §1988.

### Third Cause of Action
### Assault, battery and false arrest claims
### against Brister, Gasquet, Bergeron, and Liebelt

**21.**

Plaintiff reiterates herein the allegations of Paragraphs 1 through 14.

**22.**

Defendant Officers Brister, Bergeron, Gasquet, and Weibelt are liable to plaintiff under Louisiana Civil Code Article 2315 for assault, battery and false arrest.

**23.**

Pursuant to Louisiana Civil Code Article 2320, JPSO and Lopinto are liable to plaintiff under *respondeat superior* as the employer of defendant Officers Brister, Bergeron, Gasquet, and Weibelt.

**24.**

Plaintiff has suffered damages as a result of defendants' violation of La.Civ.Code art. 2315 and 2320.

**25.**

Plaintiff is entitled to and demands trial by jury on all issues.

WHEREFORE plaintiff prays that, after due proceedings, there be judgment herein in his favor and against defendants Brister, Bergeron, Gasquet, Weibelt and Lopinto, individually and in their capacity as employees of JPSO, and against JPSO:

(1) declaring that the actions of defendants violated plaintiff's rights under the Fourth Amendment to the United States Constitution and under La.Civ.Code art. 2315;

(2) awarding plaintiff compensatory damages;

(3) awarding plaintiff punitive damages against defendant Brister, Bergeron, Gasquet, Weibelt, JPSO, and Lopinto;

(4) awarding plaintiff attorney's fees and costs under 42 U.S.C.§1988;

(5) granting plaintiff trial by jury; and

(6) awarding plaintiff such other relief as is just and equitable.

Respectfully submitted,

*/s/ Nathaniel Rogers*
Nathaniel Rogers
2041 Rue Racine
Marrero, LA  70072
Ph: 504-645-8230