UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATHANIEL ROGERS                                   CIVIL ACTION

VERSUS                                                       NO. 18-11164

JEFFERSON PARISH SHERIFF'S                    SECTION "R" (1)
OFFICE, ET AL.

## ORDER AND REASONS

Before the Court is a motion to dismiss, or in the alternative, motion for summary judgment, filed by defendants Sheriff Joseph Lopinto, III, and Deputies Joseph Gasquet, Marcus Bergeron, John Wiebelt, and Justin Brister.[1]  Plaintiff opposes this motion.[2]  For the following reasons, the Court grants in part and denies in part defendants' motion.

## I.    BACKGROUND

This case arises out of an arrest that occurred on the afternoon of November 25, 2017.  Defendants Wiebelt and Brister, officers with the Jefferson Parish Sheriff's Office ("JPSO"), were conducting surveillance on a home in Marrero, Louisiana, where they had established that Nathaniel

---

[1]    R. Doc. 49.
[2]    R. Doc. 57.

Rogers's car was parked.[3]  The officers had an arrest warrant for plaintiff based on charges that he was a felon in possession of a firearm, and for possession of a firearm with an obliterated serial number.[4]  Once Wiebelt observed plaintiff depart the house in his vehicle, he requested fully-marked JPSO patrol cars to assist in conducting a traffic stop and effectuating the arrest warrant on Rogers.[5]  JPSO sent two marked vehicles to assist, one driven by Jeffery Verdin, and one by defendant Marcus Bergeron with defendant Joseph Gasquest as a passenger.[6]  The marked JPSO patrol vehicles proceeded to follow plaintiff's vehicle while activating their emergency lights and sirens.[7]  Plaintiff then accelerated his vehicle in an attempt to flee.[8]  Officers were able to complete a box-in maneuver around plaintiff's vehicle, bringing it to a stop.[9]

The parties dispute what happened next.  Plaintiff asserts that, once the officers pulled him over, he did not resist arrest or further attempt to flee.[10]  He alleges that defendants pulled him out of his vehicle, and then

---

[3]     R. Doc. 49-1 at 2-3.
[4]     R. Doc. 49-4 at 7 (Exhibit 1).
[5]     R. Doc. 49-1 at 3.
[6]     *Id.*
[7]     *Id.*
[8]     *Id.*
[9]     *Id.* at 3.
[10]    R. Doc. 1 ¶ 10; R. Doc. 57 at 1-2.

"began beating [him] while he was handcuffed and on the ground in the prone position."[11]  Defendants represent that Brister, Bergeron, and Gasquet had to "forcefully remove Rogers from his vehicle," and that a "struggle continued outside [the vehicle], due to Rogers's violent resistance."[12]  Defendants also represent that, during this physical struggle with Rogers, the officers performed "counterstrikes" to "overcome Rogers['s] violent resistance."[13]  Both parties agree that emergency medical services were called to the scene to treat plaintiff's injuries that resulted from his encounter with defendants, and that Rogers was eventually transported to the University Medical Center for treatment.[14]  After his release from the hospital, Brister and Wiebelt transported plaintiff to the Jefferson Parish Correctional Center, where he was booked on the following charges: resisting an officer, felon carrying an illegal weapon, possession of an obliterated serial number, and aggravated flight from an officer.[15]

On January 31, 2018, the District Attorney's Office for the Parish of Jefferson filed a bill of information charging Rogers with two counts.  Count one charged Rogers with violating Louisiana Revised Statute § 14:108.1(C)

---

[11]   R. Doc. 57 at 1.
[12]   R. Doc. 49-1 at 3.
[13]   *Id.* at 4.
[14]   *Id.*; R. Doc. 1 ¶ 13.
[15]   R. Doc. 49-4 at 2, 8 (Exhibit 1).

for "intentionally refus[ing] to bring a vehicle to a stop, under circumstances wherein human life was endangered, knowing he had been given a visual and audible signal to stop."[16]  Count two charged him with violating Louisiana Revised Statute § 14:108.2 for "resist[ing] a police officer . . . with the use of violence or threats of violence."[17]

On November 21, 2018, Rogers filed a complaint in this Court.[18] Rogers alleges that the arresting officers used excessive force and unlawfully arrested him under color of state law, in violation of 42 U.S.C. § 1983.[19] Rogers also claims that the arresting officers assaulted, battered, and falsely arrested him, in violation of Louisiana state law.[20]  Plaintiff also brings a section 1983 claim against Sheriff Lopinton in his personal and official capacity for failure to property train and supervise the arresting officers, and for permitting a custom of excessive force in the department.[21]

On May 24, 2021, plaintiff pleaded guilty in state court to count one, pursuant to an amended bill of information.[22]  In the amended bill of information, count two was *nolle prosequi*. Count one was amended as a

---

16    R. Doc. 49-5 at 2 (Exhibit 2).
17    *Id.*
18    R. Doc. 1.
19    *Id.* ¶¶ 15-21.
20    *Id.* ¶¶ 21-24.
21    *Id.* ¶¶ 18-21.
22    R. Doc. 49-6 at 1 (Exhibit 3).

violation of section 14:108, and the language "under circumstances wherein human life was endangered" was omitted.[23]

Following plaintiff's guilty plea, defendants filed a motion to dismiss, or in the alternative, a motion for summary judgment, contending that plaintiff's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, or, in the alternative, that defendants are entitled to qualified immunity.[24] Defendants attached to their motion the following: (1) a crime report from the Jefferson Parish Sheriff's Office detailing plaintiff's arrest;[25] (2) plaintiff's original and amended bill of information filed by the District Attorney's Office for Jefferson Parish;[26] (3) plaintiff's fingerprints taken by the deputy sheriff;[27] and (4) plaintiff's guilty plea.[28] Plaintiff opposes the motion, attaching these same documents to his opposition, which he asserts create an issue of material fact as to whether his claims are barred by *Heck*, and whether the arresting officers are entitled to qualified immunity.[29]

In considering a motion to dismiss, a court typically must limit itself to the pleadings and their attachments. *Collins v. Morgan Stanley Dean*

---

[23]  R. Doc. 49-5 at 1 (Exhibit 2).
[24]  R. Doc. 49.
[25]  R. Doc. 49-4 (Exhibit 1).
[26]  R. Doc. 49-5 at 1-2 (Exhibit 2).
[27]  *Id.* at 3-4.
[28]  R. Doc. 49-6 (Exhibit 3).
[29]  R. Doc. 57.

*Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). But a court may also consider documents attached to a motion to dismiss without converting it to a summary judgment motion if the documents are referred to in the complaint and are central to the plaintiff's claim. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted). Because defendants have submitted materials outside the pleadings that were not explicitly referred to in plaintiff's complaint, the Court will treat defendants' motion as one for summary judgment. The Court informed the parties in Orders dated December 17, 2021 and January 3, 2022, of its decision to take up the motion on summary judgment, and provided both parties with an opportunity to file responses.[30]

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v.*

---

[30]   R. Docs. 56 & 59.

*Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).   "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008).   All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075.   "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948,

951 (D. Colo. 1991)).   "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325.   The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.   The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

## III.   DISCUSSION

### A.   Federal Claims Under Section 1983 Against Brister, Bergeron, Gasquet, and Weibelt

Title 42, United States Code, section 1983 provides a cause of action for plaintiffs whose federal rights are violated under the color of state law. 42 U.S.C. § 1983; *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).  To state a claim under section 1983, a plaintiff must first show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting "under color of state law."  *Id.*

Plaintiff brings his section 1983 claims against deputies Brister, Bergeron, Gasquet, and Weibelt (the "arresting officers") for using excessive force while arresting him, and for arresting him without probable cause, in violation of his Fourth Amendment rights.[31]  Defendants initially argued that both of plaintiff's section 1983 claims are barred under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), because a ruling in favor of the plaintiff would imply the invalidity of his state-court conviction.[32] Defendants also argued that, to the extent plaintiff's section 1983 claims

---

[31]    R. Doc. 1 ¶ 16.

[32]    R. Doc. 49 at 8-12.

against the arresting officers are not barred by *Heck*, they should be dismissed on grounds of qualified immunity.[33]

In their reply memorandum, defendants assert that plaintiff's excessive force claim "does not appear to be *Heck* barred *per se*," despite contending elsewhere in their brief that "Plaintiff's state claims . . . [are] barred for the same reason as Plaintiff's excessive force claim under federal law."[34]  Defendants maintain that plaintiff's false-arrest claim is barred by *Heck*.[35]  Additionally, defendants now represent that, because no meaningful discovery has been conducted, they no longer move for summary judgment on plaintiff's excessive-force claim on grounds of qualified immunity.[36]  Defendants note that they reserve the right to file for summary judgment on this issue after discovery has been conducted.[37]

### 1.  *Heck v. Humphrey*

In *Heck v. Humphrey*, a prisoner who had been convicted of voluntary manslaughter brought an action under section 1983 against police and prosecutors while his appeal, arguing that his arrest and conviction were

---

[33]    *Id.* at 6-8.
[34]    R. Doc. 60 at 6.
[35]    *Id.* at 3-5.
[36]    R. Doc. 60 at 2.
[37]    *Id.* at 3 n.1.

unlawful, was still pending.  512 U.S. 477 at 478-79.  The suit sought compensatory and punitive monetary damages, but did not request injunctive relief or release from custody.  *Id.* at 479.  The Court noted that section 1983 created "a species of tort liability" analogous to the common-law tort action of malicious prosecution.  *Id.* at 483-84.  It noted that an action for malicious prosecution requires that the criminal proceeding be terminated in favor of the accused.  *Id.* at 484.  Otherwise, a convicted defendant could mount a collateral attack on his conviction in the guise of a civil suit.  *Id.* at 483-85.

Accordingly, the Court stated that section 1983 claims for damages are "not appropriate vehicles for challenging the validity of outstanding criminal judgments."  *Id.* at 486.  A plaintiff may bring a section 1983 action that would necessarily require the unlawfulness of his conviction, but only in particular circumstances.  The Court held that,

> [i]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87.  When a district court confronts a section 1983 action for damages that implicates a conviction or sentence, it must determine whether a ruling for the plaintiff "would necessarily imply the invalidity" of the conviction or sentence.  *Id.* at 487.  If the court determines that it would, the action cannot proceed unless the conviction has been vacated, invalidated, or overturned.  *Id.* at 497 & n.8.  An action that would not demonstrate the invalidity of the conviction should be allowed to proceed.  *Id.*

As to plaintiff's excessive-force claim, the Fifth Circuit has explained that, "[a]lthough the *Heck* principle applies to § 1983 excessive force claims, the determination of whether such claims are barred is analytical and fact-intensive," requiring an inquiry into "whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction."  *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008).  The Fifth Circuit has further elaborated that "a § 1983 claim would not necessarily imply the invalidity of a resisting arrest conviction, and therefore would not be barred by *Heck*, if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim."  *Id.*

The Court first examines plaintiff's civil cause of action wherein he alleges that defendants, "while acting under color of state law, deprived

plaintiff of rights secured to him under the Fourth Amendment to the United States Constitution by using excessive force on him while arresting him."[38] In Louisiana, an officer making a "lawful arrest may use reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance of the person being arrested or detained."  La. Code Crim. P. art. 220.  Courts consider the following factors in determining whether the force exerted was "reasonable" in a particular situation:

> the known character of the arrestee; the risks and dangers faced by the officer; the nature of the offense or behavior involved; the chance of escape if the particular means are not employed; the existence of alternative methods of arrest or subduing the arrestee; the physical strength, size and weaponry of the officers as compared to that of the arrestee; and the exigencies of the moment.

*Penn v. St. Tammany Parish Sheriff's Off.*, 843 So. 2d 1157, 1161 (La. App. 1 Cir. 2003) (citing *Kyle v. City of New Orleans*, 353 So. 2d 969, 973 (La. 1977)).  If a court determines, after considering the above factors, that excessive force was used, that finding "transforms ordinarily protected use of force into an actionable battery."  *Id.* (citing *Ross v. Sheriff of Lafourche Parish*, 479 So. 2d 506, 511 (La. App. 1 Cir. 1985)).

The Court next looks to the statutory language underlying Rogers's state-court conviction for resisting an officer.  Plaintiff pleaded guilty to one

---

[38]    R. Doc. 1 ¶ 16.

count in a bill of information for violating La. R.S. 14:108 by "intentionally refus[ing] to bring a vehicle to a stop, knowing he had been given a visual and audible signal to stop."[39]   Under Louisiana law, resisting an officer requires a finding that there was

> intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest, lawful detention, or seizure of property . . . when the offender knows or has reason to know that the person arresting . . . is acting in his official capacity.

La. R.S. § 14:108.  The second count in plaintiff's bill of information, for resisting an officer "with the use of violence or threats of violence," was *nolle prosequi*.[40]

After examining the elements of each claim, the Court must determine whether a finding that the officers' use of force was objectively unreasonable would call into question Rogers's conviction for resistance.  The Court finds that plaintiff's claim for excessive force is "temporally and conceptually distinct" from his conviction for resisting an officer by failing to bring his vehicle to a stop.  *See Bush*, 513 F.3d at 498 ("[A] claim that excessive force occurred after the arrestee has ceased his or her resistance would not necessarily imply the invalidity of a conviction for the earlier resistance.").

---

[39]   R. Doc. 49-5 at 1 (Exhibit 2).

[40]   *Id.*

Plaintiff alleges that the officers used excessive force when removing him from the vehicle and beating him after he was already handcuffed.  He also represents that, at this point, he was no longer resisting arrest.[41]  Although defendants dispute that the force was excessive, and relatedly, whether plaintiff was resisting arrest, both parties agree that defendants used force against plaintiff only *after* plaintiff's vehicle was stopped.  It is also undisputed that plaintiff only pleaded guilty to resisting an officer for "intentionally refusing to bring [his] vehicle to a stop."[42]  The count charging him with resisting arrest beyond his initial flight was dismissed by the State.[43]  Thus, because plaintiff did not plead guilty to resisting arrest beyond his initial flight in his vehicle, plaintiff's excessive-force claim is "temporally and conceptually distinct" from his resisting an officer conviction.  *See Idel v. LeBlanc*, No. 17-1553, 2019 WL 1903285, at *10 (E.D. La. Apr. 29, 2019) (noting that it "is possible both for Plaintiff to have [disobeyed orders to stop fighting] and for Defendant to have applied excessive force after Plaintiff had ceased these actions").

Further, it is well established that there is "no *Heck* bar if the alleged violation occurred 'after' the cessation of the plaintiff's misconduct that gave

---

[41]   R. Doc. 57 at 10-12.
[42]   R. Doc. 49-5 at 1 (Exhibit 2).
[43]   *Id.*

rise to his prior conviction." *Aucoin v. Cupil*, 958 F.3d 379, 382 (5th Cir. 2020). This principle is best illustrated by the case *Bush v. Strain*, where the plaintiff was convicted of resisting arrest under Louisiana Revised Statute section 14:108, and subsequently brought a section 1983 claim for excessive force against the officers who arrested her. 515 F.3d at 496-98. Plaintiff specifically alleged that the arresting officer unreasonably pushed her face into the back of an automobile after she was handcuffed and was no longer resisting arrest. *Id.* at 496. The Magistrate Judge granted defendant's motion for summary judgment after determining that *Heck* barred plaintiff's excessive-force claim. *Id.* at 496-97. The Fifth Circuit reversed, finding that because plaintiff had "produced evidence that the alleged excessive force occurred after she stopped resisting arrest, and the fact findings essential to her criminal conviction are not inherently at odds with the claim, a favorable verdict on her excessive force claims will not undermine her criminal conviction." *Id.* at 500.

The Court finds that, given the factual similarities between this case and *Bush*, plaintiff's excessive-force claim is not *Heck*-barred. Although the parties dispute whether plaintiff was resisting arrest when the officers

forcibly removed him from the vehicle,[44] plaintiff pleaded guilty only for "resisting an officer by flight."[45]  Thus, plaintiff's assertion in his complaint that he was not resisting arrest after bringing his vehicle to a stop is not in conflict with his underlying conviction.  *See Holmes v. Reddoch*, No. 19-12749, 2021 WL 1063069, at *10 (E.D. La. Mar. 18, 2021) (noting that the Fifth Circuit "applies *Heck* to bar claims based on underlying factual *allegations* if they necessarily contradict facts supporting the criminal conviction" (citing *Bush*, 513 F.3d at 498)); *see also Daigre v. City of Waveland*, 549 F. App'x 283, 286-87 (5th Cir. 2013) (per curiam) (finding plaintiff's excessive-force claim *Heck*-barred because, "[u]nlike the allegations in *Bush*, [plaintiff's] broad claims of innocence relate to the entire arrest encounter, and not merely a discrete part of it").

Because plaintiff's conviction relates to events that occurred during the police chase, and because his excessive-force claim relates to events that occurred after the officers had already pulled him over, the Court finds that

---

44    *Compare* R. Doc. 1 ¶ 10 (Complaint) ("Plaintiff offered no resistance to officers as they approached [his vehicle], detained, and ultimately arrested plaintiff."), *with* R. Doc. 49-4 at 8 (Crime Report) ("After a period of time, they were able to remove him, as the struggle continued outside of the vehicle.  Agent Wiebelt assisted in escorting Rogers into a prone position, at which time, he continued to pull away from investigators and attempted to roll on the ground to avoid being detained.").

45    R. Doc. 49-6 at 2 (Exhibit 3).

plaintiff's excessive-force claim does not risk undermining his conviction, Therefore, his excessive force claim is not barred by *Heck*.

As with excessive-force claims, the Fifth Circuit has also applied *Heck* to bar claims for false arrest where such claims "challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity." *Cormier v. Lafayette City-Parish Consol. Gov't*, 493 F. App'x 578, 583-84 (5th Cir. 2012) (per curiam) (citing *Wells v. Bonner*, 45 F.3d 90, 94-96 (5th Cir. 1995)).  Here, plaintiff pleaded guilty to one count in a bill of information for violating Louisiana Revised Statute section 14:108 by "intentionally refus[ing] to bring a vehicle to a stop, knowing he had been given a visual and audible signal to stop."[46]  Under Louisiana law, resisting an officer requires a finding that there was "intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity *and authorized by law to make a lawful arrest*, lawful detention, or seizure of property."  La. R.S. § 14:108 (emphasis added).  But in order for plaintiff to prevail on his false-arrest claim, he must show that he was arrested without probable cause.  *Burge v. Parish of St. Tammany*, 187 F.3d 452, 480 (5th Cir. 1999).

---

[46]     R. Doc. 49-5 at 1 (Exhibit 2).

Because plaintiff's state-court conviction "necessarily implies that there was probable cause for the arrest," permitting plaintiff to proceed with his false-arrest claim under section 1983 would implicate the validity of his conviction. *Walter v. Horseshoe Entertainment*, 483 F. App'x 884, 887 (5th Cir. 2012) (citing *Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999)); *see also Foster v. City of Addis*, No. 13-702, 2014 WL 5778922, at *2 (M.D. La. Nov. 3, 2014) ("Plaintiff's claim of false arrest under § 1983 would directly contradict her conviction because part of the conviction of resisting an officer requires that there be a lawful arrest[, and to] succeed under this claim, Plaintiff would have to prove the arrest was unlawful, casting doubt on the subsequent conviction of resisting arrest."). Accordingly, the Court grants summary judgment on plaintiff's claim for false arrest, and dismisses the claim.

## 2. Qualified Immunity

Defendants initially argued that Rogers's section 1983 claims against them should be dismissed because they are entitled to qualified immunity.[47] In response, plaintiff argued that, based on the crimes that he was ultimately charged with and pleaded guilty to, a genuine issue of material fact remains

---

[47] R. Doc. 49 at 1.

as to whether the arresting officers' use of force was reasonable under the circumstances.[48]  Defendants now represent that plaintiff's excessive-force claim "is not ripe for a proper qualified immunity or summary judgment analysis."[49]  Accordingly, the Court denies summary judgment as to whether the arresting officers are entitled to qualified immunity on plaintiff's excessive-force claim.  Summary judgment is denied without prejudice, permitting defendants to move for summary judgment on this issue after discovery.

## B.    State Law Claims Against Brister, Gasquet, Bergeron, and Liebelt

Plaintiff also brings several state-law claims against the arresting officers, including for assault, battery, and false arrest.[50]  Defendants argue that plaintiff's state law claims are also barred under *Heck* because Louisiana

---

[48]    R. Doc. 57 at 8-9.  Plaintiff's response does not address his false arrest claim vis-à-vis his argument that defendants are not entitled to qualified immunity.

[49]    R. Doc. 60 at 9-10.

[50]    R. Doc. 1 ¶ 22.

does not permit plaintiffs to sustain state-law claims that challenge the validity of an underlying criminal conviction.[51]

As to plaintiff's claims for assault and battery, "[u]nder Louisiana law, the torts of assault and battery, when raised against a law enforcement officer acting in the course of employment, require a showing that the law enforcement officer acted with unreasonable or excessive force." *Elphage v. Gautreaux*, 969 F. Supp. 2d 493, 515 (M.D. La. 2013) (citing *Gerard v. Parish of Jefferson*, 424 So. 2d 440, 444 (La. App. 5 Cir. 1982)). Stated differently, if the court determines that excessive force was not used, then "a law enforcement officer cannot be held liable for assault and battery if the assault and battery occurred during a lawful arrest." *Taylor v. United States*, No. 89-4332, 1991 WL 28066, at *11 (E.D. La. Dec. 19, 1991) (citing *Gerard v. Parrish of Jefferson*, 424 So. 2d 440, 444 (La. App. 5 Cir. 1982)).

Defendants contend that plaintiff's assault and battery claims are barred by *Heck*.[52] But under Louisiana law, "the same standard is used in analyzing a state law claim of excessive force [and by extension claims of assault and battery] as a constitutional claim, namely reasonableness under the circumstances." *Reneau v. City of New Orleans*, No. 03-1410, 2004 WL

---

[51]   R. Doc. 49-1 at 12.
[52]   R. Doc. 60 at 6-7.

1497711, at *4 (E.D. La. July 2, 2004) (citing *Kyle v. City of New Orleans*, 353 So. 2d 969, 973 (La. 1977)); *see also Jones v. City of Shreveport*, No. 17-0298, 2018 WL 4088789, at *11 (W.D. La. Aug. 24, 2018) ("[A]ssault and battery claims under Louisiana law involve similar elements to excessive force claims."); *Deville*, 567 F.3d at 172-73 (noting that Louisiana's state-law offenses of excessive force and battery "mirror[] its federal constitutional counterpart").

Accordingly, for the same reasons that the Court gave in denying defendants' motion for summary judgment as to plaintiff's excessive-force claim under section 1983, the Court similarly denies defendants' motion on the assault and battery claims under Louisiana law. *See Curran v. Aleshire*, 67 F. Supp. 3d 741, 753 (E.D. La. 2014) (denying summary judgment as to plaintiff's state-law claims of excessive force, battery, and assault, "[f]or the same reasons that summary judgment is denied as to the excessive force claims under 42 U.S.C. § 1983"); *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (per curiam) (reversing a district court's grant of summary judgment on plaintiff's state-court claims, finding that these claims, as with plaintiff's excessive-force claim, were not *Heck*-barred and were not inconsistent with their convictions for resisting an officer).

As to plaintiff's state false-arrest claim, the Court finds that plaintiff is unable to establish the elements of his claim.  Under Louisiana law, a claim of false arrest requires a showing that (1) the plaintiff was detained, and (2) that the detention was unlawful.  *Richard v. Richard*, 74 So. 3d 1156, 1159 (La. 2011) (per curiam).  "If a plaintiff is convicted of a crime for which he was arrested and indicted, and the conviction is affirmed, his detention is not unlawful as a matter of law." *Slaydon v. State Dep't of Wildlife & Fisheries*, 636 So. 2d 1151, 1152 (La. Ct. App. 1994).  Here, Rogers's conviction for resisting an officer negates the second element of a false-arrest claim. Accordingly, plaintiff cannot establish that his arrest was unlawful without challenging the validity of his conviction.

Therefore, the Court grants defendants' motion for summary judgment on plaintiff's state unlawful arrest claim, but denies it as to plaintiff's assault and battery claims.

**C.   Federal Claims Under Section 1983 Against Sheriff Joseph Lopinto, III in his Official Capacity**

Plaintiff additionally brings a claim under section 1983 against Sheriff Joseph Lopinto, III, in his personal and official capacities, as a policymaker

for the department and supervisor of the arresting officers.[53]   Plaintiff contends that Lopinto and the JPSO failed to adequately train the arresting officers "in the proper use of force and proper arrest procedures."[54]   He further alleges that the policies and customs of JPSO "created a permissive environment for police brutality," as shown by its failure to supervise, investigate, or terminate the arresting officers who plaintiff asserts have been involved in other lawsuits or investigations for unnecessary force.[55]

Defendants move to dismiss plaintiff's claim against Lopinto in his official capacity, arguing that plaintiff has "not plead a single fact, nor is there any record evidence to support any theory of liability against the Sheriff in his official capacity."[56]   In response, plaintiff contends that, because "one of the same officers named as a defendant in the current lawsuit is also named as the defendant in t[wo] other suits involving use of force[, this] creates a material issue of fact."[57]   Plaintiff further argues that he should be given an

---

[53]   R. Doc. 1 ¶¶ 2, 19.

[54]   R. Doc. 1 ¶ 19.

[55]   *Id.*

[56]   R. Doc. 49-1 at 16.

[57]   R. Doc. 57 at 13.  Specifically, plaintiff points to two other cases in the Eastern District of Louisiana where Brister and Lopinto are named defendants in alleged excessive use of force cases.[57]  *See DeRouen v. Jefferson Parish Sheriff's Off.*, No. 18-7809, 2021 WL 928027, at *1 (E.D. La. Mar. 11, 2021) (Milazzo, J.); *Boutte v. Lopinto*, Nos. 19-9613 & 19-10327, 2021 WL 5961313, at *1 (E.D. La. Dec. 16, 2021) (Brown, J.).

opportunity to "conduct meaningful discovery in this matter" prior to dismissal of the Sheriff in his official capacity.[58]  Specifically, plaintiff asserts that discovery is necessary to determine, beyond the cases already cited by plaintiff, "just how widespread the practice of using unnecessary force is within the JPSO."[59]

Federal Rule of Civil Procedure 56(d) permits a district court to deny or defer consideration of a motion for summary judgment, allow time to take discovery, or "issue any other appropriate order," when a "nonmovant shows by affidavit or declaration[60] that, for specified reasons, it cannot present facts essential to justify its opposition."   Fed. R. Civ. P. 56(d).   Requests for additional discovery under Rule 56(d) "are generally favored and should be liberally granted, but the movant must demonstrate (1) why [it] needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact." *Chenevert v. Springer*, 431 F. App'x 284, 287 (5th Cir. 2011) (per curiam); *see also Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (stating that the party opposing summary judgment "may not

---

[58]    R. Doc. 57 at 14.

[59]    *Id.*

[60]    "Although it is preferred that non-movants present an affidavit to support a continuance of discovery, there is no stringent procedure that will bar litigants access to further discovery."  *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992).

simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." (quoting *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 801 (5th Cir. 1980))).

Plaintiff satisfies this standard.  First, he points out that discovery has yet to occur in this case.  *See Taylor v. Hartley*, 488 F. Supp. 3d 517, 528 (S.D. Tex. 2020) (noting that the Fifth Circuit has counseled against granting a "motion for summary judgment without affording the adversary 'an opportunity to conduct discovery'" (quoting *Benchmark Electronics Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003))).  Moreover, plaintiff has indicated the subject on which he seeks discovery—evidence of a pattern or practice of using excessive force is within the JPSO—and how that discovery is likely to create an issue of fact, by demonstrating that there was a pattern of similar complaints against the arresting officers, and that Lopinto was deliberately indifferent to the need to fire, discipline, or train the officers.  *See Connick v. Thompson*, 563 U.S. 51, 61-62 (2011) (noting that for a plaintiff to establish a claim under section 1983 for an officer in their official capacity for failure to train or supervise, it is "ordinarily necessary" to demonstrate a pattern of similar violations).

Accordingly, the Court denies without prejudice defendants' motion for summary judgment as to plaintiff's section 1983 claim against Lopinto in his official capacity.


## IV.   CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART.  Plaintiff's claims for false arrest under section 1983 and Louisiana law are DISMISSED WITH PREJUDICE.  Summary judgment is DENIED WITHOUT PREJUDICE as to plaintiff's claims for excessive force under section 1983 and for battery and assault under Louisiana law against Brister, Bergeron, Gasquet, and Weibelt. Summary judgment is also DENIED WITHOUT PREJUDICE as to plaintiff's claims against Sheriff Lopinto in his official capacity.


New Orleans, Louisiana, this   13th   day of January, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE